Allen v. Jacobi et al.

## SHELDON W. ALLEN
### V.
### A. JACOBI ET AL.

1. SELLING GOODS TO MINOR ON CREDIT—LIABILITY OF FATHER.—A merchant sells goods to a minor upon the credit of the father, at the risk of being able to show express authority in the child to make the particular purchase, or facts and circumstances from which the law will imply such authority or a promise to pay for them.

2. PARENT AND CHILD—DUTY OF PARENT.—A father is under the natural obligation to furnish his child with necessary and suitable wearing apparel if he be of sufficient ability, and if he neglect this duty, any one can supply the child, and the law in such case will imply a promise upon the part of the father to pay for such supplies and he will not be heard to allege the contrary. But if he has not been derelict in this duty no one has the right to charge the father with supplies for the child, which such person or the child may judge he needs, without authority from the parent so to do.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed February 29, 1884.

Fred, a minor son of appellant, living at home with his parents, but working in the railroad shops and generally drawing his own pay, went to appellees, who were clothing merchants, and told them his father had sent him for a suit of clothes, and purchasing a suit worth $25, had them charged to his father. Two or three days after, he went back and obtained a pair of shoulder braces for seventy-five cents, and these were also charged to appellant. The boy within a few days left his home without his father's knowledge, taking the clothes with him.

Upon being informed, about a month after, by Jacobi, of the purchase by his son upon his credit, the appellant repudiated the action of the boy, and refused to pay the amount charged against him, denying the authority of the boy to buy anything upon his credit.

This suit was brought to collect the sum thus charged, and the appellees recovered in the court below, and defendant brings the case here by appeal.

Messrs. DAVIS & THOMPSON, for appellant; that a father is bound to support his wife according to his means, but not his children, and it is only in a suit for goods sold a wife that a man's financial condition is material and proper for the jury to know, cited 1 Parsons on Contracts, 305; Gordon v. Potter, 12 Vt. 350; Hunt v. Thompson, 3 Scam. 180; Gotts v. Clark, 78 Ill. 229; Clark v. Gotts, 1 Bradwell, 458.

Messrs. McKENZIE & CALKINS, for appellees; that slight circumstances will sometimes suffice to raise the presumption of an implied promise, cited Thayer v. White, 12 Met. 343; Miester v. Cleveland Dryer Co., 11 Bradwell, 227; Tyler on Infancy, 106; Dean v. Annis, 14 Me. 26; Clark v. Gotts, 1 Bradwell, 458.

PILLSBURY, J.   The evidence in this record is entirely insufficient to establish the liability of the defendant below to pay the account charged to him.

Aside from the statement of the son that his father sent him for the clothes, there is no evidence that such was the fact.   This statement was not competent evidence to prove authority to pledge his father's credit, and his statement when he came after the braces, that his father was well pleased with the suit, was alike incompetent to prove the fact, it being mere hearsay.

The testimony of the defendant below is clear and undisputed that he never allowed his son to purchase anything upon his credit; that when any of the children were sent to buy any merchandise, the money was also sent to pay for it; that he ran no accounts with any one; that his son Fred was not sent to buy the goods in question, and that he never saw them until the return of his son from the west, when they were nearly worn out; that he kept Fred suitably and comfortably clad, and that the suit was not necessary for his comfort.

The appellee, Jacobi, admitted that appellant always paid cash when he bought anything of them; that this was the first charge they ever made against him, and that he sold the goods because he supposed Fred was telling the truth, and not because the boy was suffering for them.

Allen v. Jacobi et al.

A merchant sells goods to a minor upon the credit of the father, at the risk of being able to show express authority in the child to make the particular purchase, or such facts and circumstances from which the law will imply such authority, or a promise to pay for them.

The father is under the natural obligation to furnish his child with necessary and suitable wearing apparel, if he be of sufficient ability, and if he neglect this duty any one can supply the child, and the law in such case will imply a promise upon the part of the father to pay for them, and he will not be heard to allege the contrary; but if he has not been derelict in his duty, no one has the right to charge the father with supplies for the child that he or the child may judge that the child needs, without authority from the parent so to do. Hunt v. Thompson, 3 Scam. 160; Gotts v. Clark, 78 Ill. 227.

To hold that the parent is concluded by the fancied need of the child, or the judgment of the tradesman of his wants, without inquiry or investigation as to the real necessities of the minor, would be putting the father's means at the disposition of those who might feel disposed to benefit themselves at his expense.

In this case the boy had no authority in fact to buy the goods; the necessities of the case were not such as justified the appellees in selling to the boy upon his father's credit without such authority.

Having reached this conclusion it is unnecessary to notice the errors assigned upon the action of the court in admitting evidence, and the giving and refusing instructions. As there can be no recovery in this case, we reverse the judgment.

Judgment reversed.